UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER KING, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CLASSIC CHEVROLET, INC.;<br>BARTLESVILLE CDJ, LLC;<br>BIXBY AUTO PLAZA, LLC;<br>MIAMI AUTO SUPERCENTER, INC.;<br>NISSAN OF MUSKOGEE LLC;<br>REGIONAL HYUNDAI LLC;<br>SUBURBAN CHEVROLET, INC.;<br>T & K MANAGEMENT GROUP, LLC d/b/a<br>TULSA RACEWAY PARK; and<br>WKW ACQUISITIONS LLC d/b/a HONDA<br>OF MUSKOGEE,<br><br>    Defendants. | Case No.: 4:19-CV-0429-CVE-JFJ |

### ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND APPROVING CLASS COUNSEL'S APPLICATION FOR SERVICE AWARD, ATTORNEY'S FEES, AND EXPENSES

On May 11, 2020, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release between plaintiff Jennifer King, on behalf of herself and all members of the settlement class, and defendant Classic Chevrolet, Inc.; defendant Bartlesville CDJ, LLC; defendant Bixby Auto Plaza, LLC; defendant Miami Auto Supercenter, Inc.; defendant Nissan of Muskogee LLC; defendant Regional Hyundai LLC; defendant Suburban Chevrolet, Inc.; defendant T & K Management Group, LLC d/b/a Tulsa Raceway Park; and defendant WKW Acquisitions LLC d/b/a Honda of Muskogee (defendants) (collectively, the parties). The Court also provisionally certified the settlement class for

1

settlement purposes, approved the procedure for giving notice to the members of the settlement class, and set a final approval hearing to take place on October 14, 2020.

Plaintiff and class counsel filed an unopposed motion for final approval of the class action settlement, for a service award to the named plaintiff, and for attorney fees and expenses. Dkt. # 51. On October 14, 2020, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing plaintiff's complaint on the merits and with prejudice in favor of defendants and against all persons or entities who are settlement class members herein who have not requested exclusion from the settlement class; and (3) whether and in what amount to award counsel for the settlement class as attorneys' fees and expenses and whether and in what amount to award a service award to plaintiff. No objections were timely filed, and no objector appeared at the hearing.

**IT IS THEREFORE ORDERED** that Plaintiff's and Class Counsel's Unopposed Motion for Final Approval of Class Action Settlement and Application for Service Award, Attorneys' Fees, and Expenses, and Incorporated Memorandum of Law (Dkt. # 51) is **granted**.

**IT IS FURTHER ORDERED** that:

**I.    JURISDICTION OF THE COURT**

1.    The Court has personal jurisdiction over the parties and the settlement class members, venue is proper, and the Court has subject matter jurisdiction to approve the agreement, including all exhibits thereto, and to enter this final approval order. Without in any way affecting the finality of this final approval order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this final approval order, and for any other necessary purpose.

2.     The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the settlement class. Counsel for the parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3.     The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each settlement class member in that: (a) the number of settlement class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the settlement class; (c) the claims of plaintiff are typical of the claims of the settlement class she seeks to represent; (d) plaintiff has, and will continue to, fairly and adequately represent the interests of the settlement class for purposes of entering into the settlement agreement; (e) the questions of law and fact common to the settlement class members predominate over any questions affecting any individual settlement class member; (f) the settlement class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.     CERTIFICATION OF SETTLEMENT CLASS

4.     Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the following settlement class, as identified in the Settlement Agreement:

> Any person who received marketing text messages from defendants from March 12, 2016 to April 13, 2020, including but not limited to any text messages from DoCircle, Inc. d/b/a Trumpia, for the period running from September 30, 2017 to September 8, 2019.

Excluded from the settlement class are: (1) the trial judge presiding over this case; (2) defendants, as well as any parent, subsidiary, affiliate or control person of defendants, and the officers, directors, agents, servants or employees of defendants; (3) any of the released parties; (4) the immediate family of any such person(s); (5) any settlement class member who has timely opted out of this proceeding; and (6) plaintiff's counsel and their employees.

### III.  APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

5.  The Court finally appoints the following attorneys and firms as class counsel for the settlement class: Scott A. Edelsberg of Edelsberg Law, P.A., Andrew J. Shamis of Shamis & Gentile, P.A., Manuel S. Hiraldo of Hiraldo P.A., Ignacio J. Hiraldo of IJH Law, and Michael L. Eisenband of Eisenband Law P.A.

6.  The Court finally designates plaintiff Jennifer King as the class representative.

### IV.  NOTICE AND CLAIMS PROCESS

7.  The Court makes the following findings on notice to the settlement class:

(a)  The Court finds that the distribution of the class notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to settlement class members, (ii) was reasonably calculated, under the circumstances, to apprise settlement class members of, among other things, the pendency of this case, the nature and terms of the proposed settlement, their right to object or to exclude themselves from the proposed settlement, and their right to appear at the final approval hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the rules of this Court, and any other applicable law.

(b) The Court finds that the class notice and methodology set forth in the Settlement Agreement, the preliminary approval order, and this final approval order (i) constitute the most effective and practicable notice of the final approval order, the relief available to settlement class members pursuant to the final approval order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all settlement class members; and (iii) fully comply with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the rules of this Court, and any other applicable laws.

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

8. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all exhibits thereto, which are incorporated herein by reference to the extent not inconsistent with this order, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the parties and the settlement class members.

## VI. ADMINISTRATION OF THE SETTLEMENT

9. The parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The administrator is directed to provide claim settlement payments to those settlement class members who submit valid, timely, and complete claims.

10. The Court hereby approves class counsel's application for an award of attorney fees and costs, and specifically awards attorney's fees to class counsel in the amount of $283,305, which is equal to 33.33% of the settlement fund, and also awards expenses and costs to class counsel in the amount of $5,832.10. The award of attorneys' fees and costs to class

counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11. The amount of attorney's fees and costs awarded herein is reasonable under the circumstances of this case, particularly in the context of a common-fund settlement, and is supported by the Court's conclusion that: (a) class counsel achieved a favorable result for the class by obtaining defendants' agreement to make significant funds available to settlement class members, subject to submission of valid claims by eligible settlement class members; (b) class counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) class counsel prosecuted the settlement class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) class counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the settlement class, in spite of defendants' possible legal defenses and its experienced and capable counsel; (e) class counsel have standard contingent fee agreements with plaintiff, who has reviewed the Settlement Agreement and been informed of class counsel's fee request and have approved; and (f) the notice informed settlement class members of the amount and nature of class counsel's fee and cost request under the Settlement Agreement, class counsel filed and posted their petition in time for settlement class members to make a meaningful decision whether to object to the class counsel's fee request, and zero settlement class members objected.

12. In addition to the findings set forth above, the Court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

> a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of class counsel was extensive. These efforts required work

6

representing Plaintiff and the class without compensation. The substantial work necessitated by this case diverted class counsel from putting time and resources into other matters.

  b. Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification and significant legal issues underpinning this case, including whether the equipment/platform used to send the text messages constituted an automatic telephone dialing system, which is a contested and unsettled matter of law, subject to circuit splits and ongoing Supreme Court litigation, and the recovery being dependent on a successful outcome, which was uncertain.

  c. Class Counsel Achieved an Excellent Result for the Settlement Class

Class counsel achieved excellent monetary results for settlement class members. Here, the Settlement Agreement required defendants to establish an $850,000 settlement fund from which members of the settlement class will receive a cash settlement payment, which is well within the range of recoveries established by other court approved TCPA class action settlements.

  d. The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases

The requested fee award is reasonable, particularly when considering that similar TCPA class settlements regularly provide for attorney's fees in an amount equal to one-third of the settlement fund. See Guarisma v. ADCAHB Medical Coverages, Inc., 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). When viewed in comparison to the decisions of other courts, this percentage is well within the bounds of reason and fairness. See e.g., Wornicki v. Brokerpriceopinion.com, Inc., Civil Action No. 13-cv-03258-PAB-KMT, 2018

U.S. Dist. LEXIS 213990, at *20 (D. Colo. Sep. 20, 2018)("Courts in this District have recognized that [t]he customary fee to class counsel in a common fund settlement is approximately one-third of the economic benefit bestowed on the class.")(internal citations omitted); Shaw v. Interthinx, Inc., 2015 U.S. Dist. LEXIS 52783, 2015 WL 1867861, at *6 (D. Colo. Apr. 22, 2015) (citing cases holding that fees within the 20-50% range are "presumptively reasonable").

This outcome was made possible by class counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class action cases.

      e.   This Case Required a High Level of Skill

Class counsel achieved a settlement that confers substantial monetary benefits to the settlement class despite the hard-fought litigation against a sophisticated and well-financed defendants represented by top-tier counsel. The requested fee is fair and reasonable, because "without the experience, skill and determination displayed by *all* counsel involved, the Settlement would not have been reached." Chieftain Royalty Co. v. Marathon Oil Co., No. CIV-17-334-SPS, 2019 U.S. Dist. LEXIS 226386, at *19 (E.D. Okla. Mar. 8, 2019).

13. The Court approves a service award to plaintiff Jennifer King in the amount of $5,000, which shall be payable pursuant to the terms of the Settlement Agreement.

## VII. RELEASE OF CLAIMS

14. Upon entry of this final approval order, all members of the class who did not validly and timely submit requests for exclusion in the manner provided in the agreement shall, by operation of this final approval order, have fully, finally and forever released, relinquished

and discharged defendants and the released parties from the released claims as set forth in the Settlement Agreement.

15. Furthermore, all members of the class who did not validly and timely submit requests for exclusion in the manner provided in the agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in this case and/or as a result of or in addition to those provided by the Settlement Agreement.

16. The terms of the Settlement Agreement and of this final approval order, including all exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by plaintiff and all other settlement class members, as well as their heirs, executors and administrators, successors, and assigns.

17. The releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this final approval order; and the released parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the releasing persons (as that term is defined below and in the Settlement Agreement) from all released claims (as that term is defined below and in the Settlement Agreement).

(a) The Settlement Agreement and releases do not affect the rights of settlement class members who timely and properly submit a request for exclusion from the settlement in accordance with the requirements of the Settlement Agreement.

(b) The administration and consummation of the settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all settlement class members, except those who have properly requested exclusion (opted out), and the released parties shall not be subject to liability or expense for any of the released claims to any settlement class member(s).

(d) The releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the settling parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18. Plaintiff and all settlement class members who did not timely exclude themselves from the settlement class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any released claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the released claims or the facts and

circumstances relating thereto; or (iii) organizing any settlement class members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the released claims.

## VIII. NO ADMISSION OF LIABILITY

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this final approval order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against defendants or any released party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by defendants of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in this case or in any litigation, or of any liability, negligence, fault, or wrongdoing by defendants or any released party;

(b) offered by any person or received against defendants or any released party as evidence of a presumption, concession, or admission of any fault or violation of any law by defendants or any released party; or

(c) offered by any person or received against defendants or any released party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

## IX. OTHER PROVISIONS

20. This final approval order and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any released party (as that term is defined

herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22. In the event that the effective date does not occur, this final approval order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and released delivered in connection herewith shall be null and void. In the event that the effective date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's orders, including this order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23. **This case, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice** against plaintiff and all other settlement class members, without fees or costs to any party except as otherwise provided herein. Finding that there is no just reason for delay, **the Court orders that this final approval order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54.**

**DATED** this 14th day of October, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE